IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERESA M. CAMARENA                          CV 05-6149-MA

        Plaintiff,                          OPINION AND ORDER

v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

        Defendant.


ALAN STUART GRAF
Alan Stuart Graf, P.C.
P.O. Box 98
Summertown, TN 38483
(931) 964-3127

        Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

STEPHANIE R. MARTZ
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2272

        Attorneys for Defendant

MARSH, Judge.

        Plaintiff filed a civil action for judicial review of a final decision of the Commissioner denying her applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f.  Plaintiff alleges the Administrative Law Judge (ALJ) erred in finding she is not entitled to benefits and seeks an order reversing the Commissioner's decision and remanding the case for further proceedings.  The Commissioner contends her decision is based on substantial evidence and is free from legal error.  The Commissioner, therefore, requests that the court affirm her decision.

        This court has jurisdiction under 42 U.S.C. § 405(g).  For the following reasons, the court AFFIRMS the final decision of the Commissioner and DISMISSES this action.

<u>**BACKGROUND**</u>

        Plaintiff applied for benefits on December 20, 2001, alleging the onset of disability as of October 26, 2001.

2 - OPINION AND ORDER

In her initial application, plaintiff claimed she was unable to engage in substantial gainful activity because of congestive heart failure, thyroid disease, and obesity.  In support of her claim, plaintiff alleged she "cannot stay awake for long, back hurts all the time, and it hurts to work."  The Commissioner denied her application initially and on reconsideration. Plaintiff requested a hearing, which was held on March 2, 2004. At the hearing, plaintiff testified she was unable to work because of back pain, diabetes, thyroid problems, and skin cancer.

On April 27, 2004, the ALJ issued a decision that plaintiff retained the residual functional capacity to perform a significant number of jobs that were available in the national economy and, therefore, was not disabled.  Plaintiff appealed the denial of benefits to the Appeals Council.  On March 18, 2005, the Appeals Council affirmed the ALJ's decision and, therefore, that decision became the final decision of the Commissioner for purposes of judicial review.

## LEGAL STANDARDS

The initial burden of proof rests on the claimant to establish disability.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  To meet this burden, a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C § 423(d)(1)(A).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation."  Andrews, 53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). The duty to further develop the record, however is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or

for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 121 S. Ct. 628 (2000). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled. Bowen v. Yuckert, 482 U.S.137, 140 (1987). See also 20 C.F.R. § 416.920. The claimant bears the burden of proof at steps one through four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at Step One, the ALJ found plaintiff had not engaged in substantial gainful activity since the onset of her alleged disability. 20 C.F.R. § 416.920(b).

At Step Two, the ALJ found plaintiff suffers from degenerative disc disease, obesity, and sleep apnea that are severe physical impairments within the meaning of 20 C.F.R. §§ 404.1520©) and 416.920(c)(an impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities).

At Step Three, the ALJ found plaintiff's impairments did not meet or equal "one of a number of listed impairments that the

5 - OPINION AND ORDER

[Commissioner] acknowledges are so severe as to preclude substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(iii) and (d), and § 404.920(a)(4)(iii) and (d).

The ALJ found plaintiff had the residual functional capacity to lift no more than ten pounds frequently, sit for six hours and stand or walk for two hours in an eight-hour day, occasionally climb, stoop, crawl, crouch, or kneel, and must avoid constant exposure to fumes, dusts, odors, or gases.

At Step Four, the ALJ found plaintiff is unable to perform her past relevant work as a certified nursing aide.

At Step Five, the ALJ found plaintiff could perform a significant range of sedentary jobs that are available in the national and state economies, including assembler and waxer.

Accordingly, the ALJ found plaintiff was not under a disability. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## DISCUSSION

As of the date of the final decision, plaintiff was 39 years old. She has a ninth grade education. She worked as a nurse's aid from 1996 to 2001. Plaintiff obtained a certified nurse's aide certificate in 1998. Plaintiff alleges she is disabled, and that the ALJ erred by failing (1) to develop the record adequately and consider the effects of plaintiff's obesity on her other impairments based on that record, and (2) to find plaintiff's asthma to be a severe impairment. Accordingly,

6 - OPINION AND ORDER

plaintiff seeks an order remanding this case to the ALJ for further proceedings.

1.  **Plaintiff's Relevant Medical History**.

Plaintiff has been treated primarily for back pain, sleep apnea, and asthma.  She has also been treated for skin cancer, type 2 diabetes, cardiac problems, hyperthyroidism, and depression.  She is obese, weighing in excess of 350 pounds, while standing approximately 5' 5" tall.[1]

**Back Pain**.

In May 2000, Ronald Rennick, M.D. examined plaintiff for her complaints of low back pain, significant discomfort, and difficulty with movement.  An MRI revealed mild degenerative changes in the lumbar spine.  Dr. Rennick diagnosed persistent acute back pain, exacerbated by morbid obesity.

In September 2001, Dr. Rennick treated plaintiff for mid-back and right upper quadrant pain that had lasted for more than a year.  On examination, Dr. Rennick noted mild tenderness in the upper right quadrant and diffuse tenderness over the entire lumbar spine.  Dr. Rennick diagnosed chronic back pain, probably musculoskeletal in nature.

_____

[1] The ALJ found that plaintiff's skin cancer, thyroid disease, heart problems, and depression, were either successfully treated and/or controlled and were not severe.  Plaintiff does not specifically challenge these findings.

In March 2002, Nurse Practitioner Aimee Folsom, F.N.P., treated plaintiff for back pain and opined that plaintiff's back condition "will cause chronic pain and limit her ability to do heavy lifting, [but] it doesn't interfere with her ability to sit/stand or perform mental activities."

In February 2003, Dr. Rennick again treated plaintiff for exacerbation of back pain.  He noted x-rays of the lumbar spine showed degenerative disc disease, worse in the thoracic area.

**Sleep Apnea.**

Plaintiff has a history of sleep apnea, which interrupts her nighttime sleep pattern and results in daytime sleepiness.  In July 2002, Lara Gamelin, M.D., prescribed a continuous positive airway pressure (CPAP) machine to assist plaintiff in sleeping at night.  In August 2002, plaintiff reported to Dr. Gamelin that she was wearing the CPAP five-six hours at night, was sleeping better, was not falling asleep during the day, and had more energy.

**Asthma.**

In September-October 2000, Dr. Rennick treated plaintiff for a cough, chronic wheezing, and exacerbation of asthma.  Plaintiff has had asthma since childhood.  She smokes up to one pack of cigarettes per day and Dr. Rennick advised her to quit.

8 - OPINION AND ORDER

In July-August 2003, Plaintiff was treated for a cough and was diagnosed with asthmatic bronchitis, which was treated with antibiotics.  In January 2004, Plaintiff was again advised to quit smoking.

## 2.  __Effect of Plaintiff's Obesity.__

In May 2000, Nurse Practitioner Folsom noted plaintiff's obesity exacerbated her back pain.  At the same time, David Owens, M.D., who was treating plaintiff for a lip carcinoma, noted she was quite obese and "whether this limits her ability to carry on normal activities is in question."

In May 2002, consulting physician Richard Alley, M.D., noted a primary diagnosis of obesity, and opined that plaintiff had the residual functional capacity to lift 10 pounds occasionally and less than 10 pounds frequently, stand/walk for up to two hours in an eight-hour day, and sit for six hours in an eight-hour day.

In November 2002, Dr. Gamelin was asked by plaintiff's counsel to diagnose Plaintiff's medical condition for purposes of her disability claim.  Dr. Gamelin diagnosed degenerative disc disease with disc herniation, sleep apnea, morbid obesity, insulin resistance, and depression.  Dr. Gamelin did not diagnose asthma.  She also stated she was "unsure" whether plaintiff would "be able to sustain work activity day in, day out, five days per week without absences greater than two days per months."

3.   **Discussion**.

     **Development of Record.**

     Plaintiff contends the ALJ failed to develop the record as

to whether plaintiff's obesity, when considered with her other

impairments, rendered her unable to work.   I disagree.

     The ALJ is responsible for determining the effect of obesity

on Plaintiff's other impairments, and its effect on her ability

to work and general health, given the presence of those

impairments.  *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir.

2003).  In making that determination, however, the ALJ:

>              will not make assumptions about the severity
>              or functional effects of obesity combined
>              with other impairments.  Obesity in
>              combination with another impairment may or
>              may not increase the severity or functional
> limitations of the other impairment. [The ALJ] will evaluate each
> case <u>based on the information in the case record</u>.

<u>Burch v. Barnhart</u>, 400 F.3d 676, 682 Id. (emphasis added).  <u>See</u>

SSR 02-01p (2002).

     Plaintiff "carries the initial burden of proving a

disability."  <u>Swenson v. Sullivan</u>, 876 F.2d 683, 687 (9th Cir.

1989).  The ALJ "is not required to discuss the combined effects

of [Plaintiff's] impairments or compare them to any listing in an

equivalency determination, unless [Plaintiff] presents evidence

in an effort to establish equivalence.  <u>Lewis v. Apfel</u>, 236 F.3d

503, 514 (9th Cir. 2001).

In this case, Dr. Alley, a consulting physician, reviewed the medical records and provided the ALJ with his opinion that plaintiff could perform sedentary work notwithstanding her disability.  That plaintiff's treating physicians were unable or unwilling to offer an alternative or contrary opinion on that issue, even when asked to do so by Plaintiff's counsel, does not reflect that the record in inadequate.  It reflects only that plaintiff failed to carry her burden on the issue.

Accordingly, I find the ALJ did not err in failing to develop the medical record further.

**Asthma.**

Plaintiff asserts the ALJ erred by failing to find plaintiff's asthma was a severe impairment.  As noted the record reflects plaintiff suffered from childhood asthma, and had isolated asthmatic flareups in 2000 and 2005.  I find this record does not support plaintiff's assertion that her asthma is a severe impairment.  Moreover, it is noteworthy that Dr. Gamelin, one of plaintiff's treating physicians, did not mention asthma at all when asked by plaintiff's counsel for her diagnoses as to plaintiff's medical condition.  In any event, the ALJ did take plaintiff's asthmatic condition into account by incorporating functional limitations regarding exposure to fumes, dust, odors, or gases, in his finding regarding Plaintiff's residual functional capacity.

On this record, therefore, I find the ALJ adequately addressed Plaintiff's asthmatic condition and did not err in failing to find it was a severe impairment.

## CONCLUSION

For these reasons, the Court AFFIRMS the final decision of the Commissioner and DISMISSES this case.

IT IS SO ORDERED.

DATED this 11 day of July, 2006.


   /s/  Malcolm F. Marsh
MALCOLM F. MARSH
United States District Judge

12- OPINION AND ORDER